N
Section 8

FILED
2023 AUG 25 P 02:20
CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

**DOCKET NO.:____________________** **DIVISION:___________**

**TRANSPORTATION CONSULTANTS, INC D/B/A TCI TRUCKING**

**VERSUS**

**CERTAIN UNDERWRITERS AT LLOYDS LONDON, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, OLD REPUBLIC UNION INSURANCE COMPANY, GEOVERA SPECIALTY INSURANCE COMPANY, and TRANSVERSE SPECIALTY INSURANCE COMPANY**

**FILED:____________________** **CLERK:________________________**

*********************************************************************************

## PETITION FOR DAMAGES

NOW INTO COURT, comes Plaintiff, **TRANSPORTATION CONSULTANTS, INC D/B/A TCI TRUCKING**, who respectfully files this Original Petition for Damages requesting relief as follows and averring the following:

I. Made Plaintiff herein is the following:

a. **Transportation Consultants, Inc. d/b/a TCI Trucking**, a corporation who is domiciled in the State of Louisiana, and Plaintiff was at all times material to this litigation the "insured" under the policy of insurance provided by the Defendants listed below.

II. Made Defendants herein are:

a. **Certain Underwriters at Lloyds London**, a foreign insurance company authorized to do and doing business in the State of Louisiana, and who provided insurance to Plaintiff pursuant to the policy number AMR-36854-07, as one of the multiple insurers collectively forming the insurance policy at issue in this litigation, insuring Plaintiff's properties, and who may be served with process through its registered agent as listed in the service request at the end of this Petition;

b. **Indian Harbor Insurance Company,** a foreign insurance company authorized to do and doing business in the State of Louisiana, and who provided insurance to Plaintiff pursuant to the policy number AMP7533039-04, as one of the multiple insurers collectively forming the insurance policy at issue in this litigation, insuring Plaintiff's properties, and who may be served with process through its registered agent as listed in the service request at the end of this Petition; and

c. **QBE Specialty Insurance Company**, a foreign insurance company authorized to do and doing business in the State of Louisiana, and who provided insurance to Plaintiff pursuant to the policy number MSP-14838-08, as one of the multiple insurers collectively forming the insurance policy at issue in this litigation, insuring



VERIFIED
Jovan Gibson
2023 AUG 28 A 09:22
E-Filed

FILED
2023 AUG 25 P 02:20
CIVIL
DISTRICT COURT



Plaintiff's properties, and who may be served with process through its registered agent as listed in the service request at the end of this Petition.

d. **Steadfast Insurance Company,** a foreign insurance company authorized to do and doing business in the State of Louisiana, and who provided insurance to Plaintiff pursuant to the policy number CPP1010385-04, as one of the multiple insurers collectively forming the insurance policy at issue in this litigation, insuring Plaintiff's properties, and who may be served with process through its registered agent as listed in the service request at the end of this Petition; and

e. **General Security Indemnity Company of Arizona,** a foreign insurance company authorized to do and doing business in the State of Louisiana, and who provided insurance to Plaintiff pursuant to the policy number 10T029659-00054-21-06, as one of the multiple insurers collectively forming the insurance policy at issue in this litigation, insuring Plaintiff's properties, and who may be served with process through its registered agent as listed in the service request at the end of this Petition; and

f. **United Specialty Insurance Company,** a foreign insurance company authorized to do and doing business in the State of Louisiana, and who provided insurance to Plaintiff pursuant to the policy number USI-10057-07, as one of the multiple insurers collectively forming the insurance policy at issue in this litigation, insuring Plaintiff's properties, and who may be served with process through its registered agent as listed in the service request at the end of this Petition; and

g. **Lexington Insurance Company,** a foreign insurance company authorized to do and doing business in the State of Louisiana, and who provided insurance to Plaintiff pursuant to the policy number LEX-012075985-07, as one of the multiple insurers collectively forming the insurance policy at issue in this litigation, insuring Plaintiff's properties, and who may be served with process through its registered agent as listed in the service request at the end of this Petition; and

h. **HDI Global Specialty SE,** a foreign insurance company authorized to do and doing business in the State of Louisiana, and who provided insurance to Plaintiff pursuant to the policy number HAN-10056-07, as one of the multiple insurers collectively forming the insurance policy at issue in this litigation, insuring Plaintiff's properties, and who may be served with process through its registered agent as listed in the service request at the end of this Petition; and

i. **Old Republic Union Insurance Company,** a foreign insurance company authorized to do and doing business in the State of Louisiana, and who provided insurance to Plaintiff pursuant to the policy number ORAMPR002013-04 as one of the multiple insurers collectively forming the insurance policy at issue in this litigation, insuring Plaintiff's properties, and who may be served with process through its registered agent as listed in the service request at the end of this Petition; and

j. **GeoVera Specialty Insurance Company,** a foreign insurance company authorized to do and doing business in the State of Louisiana, and who provided insurance to Plaintiff pursuant to the policy number GVS-13308-00, as one of the multiple insurers collectively forming the insurance policy at issue in this litigation, insuring Plaintiff's properties, and who may be served with process through its registered agent as listed in the service request at the end of this Petition; and

k. **Transverse Specialty Insurance Company,** a foreign insurance company authorized to do and doing business in the State of Louisiana, and who provided insurance to Plaintiff pursuant to the policy number TSAMPR0002772-00, as one



E-Filed

FILED
2023 AUG 25 P 02:20
CIVIL
DISTRICT COURT

of the multiple insurers collectively forming the insurance policy at issue in this litigation, insuring Plaintiff's properties, and who may be served with process through its registered agent as listed in the service request at the end of this Petition; and

**VENUE and JURISDICTION**

III. Venue is proper in the Parish of Orleans pursuant to Article 76 of the Louisiana Code of Civil Procedure because the insured under the insurance policy at issue in this litigation is the Plaintiff residing in this parish, the damages sustained by Plaintiff are located within Orleans Parish, the contract at issue was executed and procured within this parish, and Plaintiff are domiciled in this parish within the State of Louisiana.

IV. This Court have subject matter jurisdiction to hear this suit, as it involves a breach of contract over property located in the State of Louisiana, the execution of which occurred in this Parish.

**FACTS**

V. Plaintiff owns the properties located at 3900 France Road New Orleans, LA 70126.

VI. At all times material hereto, Plaintiff had in effect a structure, dwelling, personal property, additional living expenses, other structures, and contents insurance policy provided by Defendants, **Certain Underwriters at Lloyds London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company**, over the property at 3900 France Road New Orleans, LA 70126 through Defendants. Defendants provided an insurance policy to Plaintiff covering the physical structure, contents, personal property, and movable property premises at issue in this litigation.

VII. Defendants provided insurance to Plaintiff under **Certain Underwriters at Lloyds London**, policy number AMR-36854-07.



E-Filed

2023-09504
N
Section 8
FILED
2023 AUG 25 P 02:20
CIVIL
DISTRICT COURT

VIII. Defendants provided insurance to Plaintiff under **Indian Harbor Insurance Company**, policy number AMP-7533039-04

IX. Defendants provided insurance to Plaintiff under **QBE Specialty Insurance Company**, policy number MSP-14838-08

X. Defendants provided insurance to Plaintiff under **Steadfast Insurance Company**, policy number CPP1010385-04.

XI. Defendants provided insurance to Plaintiff under **General Security Indemnity Company of Arizona**, policy number 10T029659-00054-21-06.

XII. Defendants provided insurance to Plaintiff under **United Specialty Insurance Company**, policy number USI-10057-07

XIII. Defendants provided insurance to Plaintiff under **Lexington Insurance Company**, policy number LEX-012075985-07.

XIV. Defendants provided insurance to Plaintiff under **HDI Global Specialty SE**, policy number HAN-10056-07.

XV. Defendants provided insurance to Plaintiff under **Old Republic Union Insurance Company**, policy number ORAMPR002013-04

XVI. Defendants provided insurance to Plaintiff under **GeoVera Specialty Insurance Company**, policy number GVS-13308-00.

XVII. Defendants provided insurance to Plaintiff under **Transverse Specialty Insurance Company**, policy number TSAMPR0002772-00.

XVIII. At all times material hereto, Defendants had in full force and effect a policy of dwelling and personal insurance to insure the value of the structure, movable property, contents, and personal property located at 3900 France Road New Orleans, LA 70126, from the perils of water damage, wind, mold, structure damage, and all other consequences of those causes from the effects of such weather events as a hurricane.

XIX. Plaintiff paid all premiums and other assessments to Defendants in order to maintain insurance coverage for these perils from Defendants, **Certain Underwriters at Lloyds London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona,**



E-Filed

FILED
2023 AUG 25 P 02:20
CIVIL
DISTRICT COURT

**United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company**, over 3900 France Road New Orleans, LA 70126 for the year 2021.

XX. On or about August 29, 2021, Hurricane Ida caused damage to Plaintiff's commercial property, causing damage to the exterior, structure, and interior of the buildings, including the contents, business property, and movable property within the building.

XXI. Plaintiff's representatives appeared on the property following the hurricane, immediately upon notice, and attempted immediately to mitigate the damages. Plaintiff's representatives took all reasonable measures to mitigate the damages to the property.

XXII. Shortly after the incident, Plaintiff's representatives properly made a claim for insurance proceeds under their dwelling policy of insurance with Defendants. In connection with said claim, Defendants assigned an adjuster to adjust and otherwise review the claim as Defendants agent and representative throughout the claims process.

XXIII. Defendants sent an adjuster to inspect Plaintiff's property and to assess the nature and extent of damages that Plaintiff suffered.

XXIV. Since that time, Defendants have refused to make full payment for the damages that Plaintiff's dwelling, contents, movable property, and/or business property suffered as a result of Hurricane Ida.

XXV. Plaintiff's representatives provided to Defendants sufficient proof of loss more than 60 days ago requesting payment for the damages suffered as a result of Hurricane Ida.

XXVI. During the several months from the date of the loss through present day, Plaintiff's request for payment from Defendants for the damages to Plaintiff's property.

XXVII. More than 60 days after receiving satisfactory proof of loss, Defendants have not provided full payment for the damages to Plaintiff property.

XXVIII. Defendants were arbitrary, capricious, and without proper cause in its failure to tender reasonable amounts undisputed to be owed to Plaintiff for the damage to its property within 60 days of having received satisfactory proof of loss.



E-Filed

FILED
2023 AUG 25 P 02:20
CIVIL
DISTRICT COURT

XXIX. Defendants refusal to pay insurance proceeds to the Plaintiff as required under their contract of insurance with Plaintiff is arbitrary, capricious and without probable cause.

XXX. Plaintiff met the burden of proof under the policy of proving that the property sustained damage to the entire property, but Defendants have persisted in their refusal to provide the payments for the damages owed to Plaintiff under the policy.

**BREACH OF CONTRACT**

XXXI. Under a contract of insurance between Plaintiff and Defendants, Plaintiff suffered damages on August 29, 2021 that constituted a covered peril and is covered under Plaintiff policy of insurance with Defendants.

XXXII. Under the contract of insurance, as this loss to Plaintiff was a covered peril, Defendants was obligated by contract to make payments for all damages suffered to Plaintiff' property as a result of that covered peril.

XXXIII. Defendants have refused to perform its obligations under the contract of insurance.

XXXIV. As a result of Defendants refusal to provide insurance proceeds to the Plaintiff, Defendants have breached their contract of insurance with the Plaintiff, entitling Plaintiff to damages as provided under the contract.

XXXV. Further as a result of the delay and denial by Defendants to pay the amounts undisputed to be due and otherwise due from Defendants, Plaintiff have suffered additional damages in the form of additional damage to the premises and contents therein.

XXXVI. Further as a result of the delay and denial by Defendants to pay the amounts undisputed to be due and otherwise due from Defendants, Plaintiff have suffered additional damages in the form of lost income, lost revenue, additional property damage, and other damages as a result of the bad faith conduct of Defendants.

**DETRIMENTAL RELIANCE**

XXXVII. Plaintiff also maintains this cause of action under Louisiana's doctrine of detrimental reliance, pursuant to Article 1967 of the Louisiana Civil Code, because Plaintiff relied to their detriment on assurances made by Defendants that the payment of premiums to Defendants for all the above-named commercial and dwelling insurance policies would



E-Filed

FILED
2023 AUG 25 P 02:20
CIVIL
DISTRICT COURT

entitle the Plaintiff to recover insurance proceeds for the damages caused by Hurricane Ida occurring on or about August 29, 2021 and its related perils.

**BAD FAITH**

XXXVIII. Plaintiff also bring a cause of action pursuant to Louisiana Revised Statutes 22:1973 and 22:1892 because Defendants have arbitrarily, capriciously, and without probable cause refused to provide full payment to Plaintiff as required under the policy of insurance.

XXXIX. More than 60 days have elapsed after Defendants having received satisfactory proof of loss.

XL. Defendants have failed to make payments of those amounts due after having received satisfactory proof of loss.

XLI. Accordingly, Defendants have breached its duties of good faith and fair dealing under La. Rev. Stat. 22:1892 and 22:1973.

XLII. Therefore, Defendants is liable for all penalties, attorneys' fees, costs, and damages under both statutes.

**DAMAGES**

XLIII. As a result of the breach of contract by Defendants, and Plaintiff's detrimental reliance on the assurances of Defendants under their insurance contract, Plaintiff is entitled to damages as follows:

a. Full payment of the damages sustained within the policy limits as stated in the insurance contract at issue subject to a deduction for payments made prior to the date of filing of this Petition for Damages;
b. General Damages for mental anguish, inconvenience, suffering, and distress resulting from the refusal of Defendants to provide payment of insurance proceeds to Plaintiff;
c. The maximum penalties allowed under Louisiana Revised Statutes 22:1973 and 22:1892;
d. Attorneys' fees recoverable for the bad faith refusal to pay Plaintiff claim in full;



E-Filed

e. All additional compensatory damages suffered by Plaintiff as a result of the refusal of Defendants to pay Plaintiff full claim for damages resulting from this incident within 60 days of receiving satisfactory proof of loss;

f. Interest from the date of judicial demand and any additional interest to which Plaintiff are entitled under Louisiana Revised Statutes 22:1973 and 22:1892; and

g. All other relief that is equitable under the law and as may be proved at the time of this trial.

WHEREFORE, Plaintiffs, TRANSPORTATION CONSULTANTS, INC D/B/A TCI TRUCKING, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, CERTAIN UNDERWRITERS AT LLOYDS LONDON. INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, OLD REPUBLIC UNION INSURANCE COMPANY GEOVERA SPECIALTY INSURANCE COMPANY, and TRANSVERSE SPECIALTY INSURANCE COMPANY for all damages as requested in this matter, together with all interest, attorneys' fees, and costs as Plaintiff may be entitled under the law.

Respectfully Submitted,

**DOMINICK F. IMPASTATO, III (#29056)**
JOHN W. NORWOOD, IV (#29368)
FRISCHHERTZ & IMPASTATO, LLC
1140 St. Charles Avenue
New Orleans, LA 70130
Telephone - (504) 523-1500
Facsimile - (504) 581-1670
Email: dominick@fi-lawfirm.com
johnny@fi-lawfirm.com

**PLEASE SERVE:**

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON
Through its registered agent




FILED
2023 AUG 25 P 02:20
CIVIL
DISTRICT COURT

Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

INDIAN HARBOR INSURANCE COMPANY
Through its registered agent
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

QBE SPECIALTY INSURANCE COMPANY
Through its registered agent
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

STEADFAST INSURANCE COMPANY
Through its registered agent
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA
Through its registered agent
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

UNITED SPECIALTY INSURANCE COMPANY
Through its registered agent
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

LEXINGTON INSURANCE COMPANY
Through its registered agent
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

LEXINGTON INSURANCE COMPANY
Through its registered agent
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

HDI GLOBAL SPECIALTY SE
Through its registered agent
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

OLD REPUBLIC UNION INSURANCE COMPANY
Through its registered agent
Louisiana Secretary of State
8585 Archives Ave.

2023-09504
N
Section 8

FILED
2023 AUG 25 P 02:20
CIVIL
DISTRICT COURT

Baton Rouge, LA 70809

GEOVERA SPECIALTY INSURANCE COMPANY
Through its registered agent
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

TRANSVERSE SPECIALTY INSURANCE COMPANY
Through its registered agent
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809



E-Filed