UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRANSPORTATION CONSULTANTS, INC. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-6585 |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON ET AL. | * | SECTION L |

**ORDER & REASONS**

Before the Court is a motion by Defendants Certain Underwriters at Lloyd's London, General Security Indemnity Company of Arizona, GeoVera Specialty Insurance Company, HDI Global Specialty SE, Indian Harbor Insurance Company, Lexington Insurance Company, Old Republic Union Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, United Specialty Insurance Company, and Transverse Specialty Insurance Company (collectively, the "Defendants") to Compel Arbitration and Stay the Proceedings. R. Doc. 6. Having considered the briefing and the applicable law, the Court rules as follows.

   I.   BACKGROUND

This case arises out of alleged damage to property owned by Plaintiff Transportation Consultants, Inc. due to Hurricane Ida. R. Doc. 1-1 at 5-9. Defendants are a group of insurance companies who jointly subscribe to the insurance policy (the "Policy") obtained by the Plaintiff through Lloyd's. *Id.* at 3-5.

Plaintiff filed suit first in Civil District Court for the Parish of New Orleans and on October 27, 2023, the Defendants removed the case to this Court. R. Doc. 1. On November 22, 2023, Defendants filed the instant motion. R. Doc. 6.

   II.  PRESENT MOTION

In its motion, defendants move the Court to compel arbitration and a stay of the proceedings

pursuant to the arbitration agreement found in the Policy. R. Doc. 6. Relevant parts of the arbitration provision provide:

> All matters in difference between the Insured and the Companies . . . in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the matter hereinafter set out . . . The seat of Arbitration shall be in New York. . .

R. Doc. 6-2 at 10.

Accordingly, defendants aver that the agreement to arbitrate falls under the Convention on the Recognition and Enforcement of Arbitral Awards ("Convention") such that arbitration and a stay of the proceedings is mandatory.

### III. LAW AND ANALYSIS

Because the matter involves a foreign insurer, the Convention dictates the court's review. The Court briefly notes that under Louisiana law, arbitration provisions in insurance contracts with domestic insurers are generally void because "[t]he McCarran-Ferguson Act permits states to reverse-preempt an otherwise applicable 'Act of Congress' by enacting their own regulations of the insurance industry." *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 431 (5th Cir. 2019). The McCarran-Ferguson Act, however, is inapplicable to treaties—like the Convention—because they are "international agreement[s] or contract[s] negotiated by the Executive Branch and ratified by the Senate, not by Congress." *Safety Nat. Cas. Corp. v. Certain Underwriters at Lloyd's, London*, 587 F.3d 714, 723 (5th Cir. 2009). It follows that the Convention is not reverse-preempted by Louisiana law, and arbitration agreements that fall under the Convention are enforceable in this state.

"In determining whether the Convention requires compelling arbitration in a given case," the Court "conduct[s] only a very limited inquiry." *Freudensprung v. Offshore Tech. Servs., Inc.*,

379 F.3d 327, 339 (5th Cir. 2004). An agreement "falls under" the Convention and the Court should compel arbitration only if four prerequisites are met: (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen. *Id.* (citing *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat' l Oil Co.*, 767 F.2d 1140, 1144-45 (5th Cir. 1985)); 9 U.S.C. § 202. Federal policy and precedent emphasize a strong presumption in favor of the enforcement of arbitration clauses. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004) ("[T]here is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity."). This policy is applied with "special force" on arbitrations under the Convention. *See Mitsubishi Motors Corp.*, 473 U.S. at 638-40.

In the instant matter, the Court finds that the prerequisites to compel arbitration under the Convention are satisfied. First, there is a written agreement to arbitration in Section C of the Policy. R. Doc. 6-2 at 10. Second, the arbitration clause requires that arbitration take place in a signatory nation, the United States. *Id.* Third, the agreement stems from a commercial legal relationship as it is found within an insurance policy issued to a business. *Id.*; *see also 3155 Dauphine LLC v. Indep. Specialty Ins. Co.*, No. 23-2213, 2012 WL 6293818, *1, *5 (E.D. La. Sept. 26, 2023) ("[T]he arbitration agreement arises from a commercial legal relationship because it is contained in an insurance policy issued to a business."). Fourth, at least one defendant is a foreign citizen. R. Doc. 6-1 at 7. For instance, several underwriters at Lloyd's of London are citizens of the United Kingdom. *Id.* Further, Plaintiff does not argue that the agreement to arbitrate is invalid or otherwise unenforceable. Accordingly, the Court compels arbitration of this matter.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Compel Arbitration and Stay Litigation, R. Doc. 6, is **GRANTED**. **IT IS FURTHER ORDERED** that this matter is **STAYED**, and the case is administratively closed pending arbitration.

New Orleans, Louisiana this 14th day of December, 2023.

_____
United States District Judge