**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TRANSPORTATION CONSULTANTS, INC.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-6585** |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ET AL.** | * | **SECTION L (5)** |

**ORDER AND REASONS**

Before the Court is a motion filed by Plaintiff Transportation Consultants, Inc. asking the Court to lift the stay of the above-captioned action. R. Doc. 27. Defendants Certain Underwriters at Lloyd's, London ("Lloyd's"), General Security Indemnity Company of Arizona, GeoVera Specialty Insurance Company, HDI Global Specialty SE, Indian Harbor Insurance Company, Lexington Insurance Company, Old Republic Union Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, Transverse Specialty Insurance Company, United Specialty Insurance Company (collectively, "Defendants"), oppose the motion. R. Doc. 30. Plaintiff filed a reply memorandum, R. Doc. 31 and Defendants submitted a surreply. R. Doc. 34. Having considered the briefing in light of the applicable law and record facts, and having heard the parties at oral argument, the Court will **DENY** Plaintiff's motion for the following reasons.

## I. BACKGROUND & PRESENT MOTION

Plaintiff filed the above-captioned action, originally in Louisiana state court, asserting that its property located at 3900 France Road, New Orleans, LA, was damaged by Hurricane Ida in August of 2021. R. Doc. 1-1 at 5. Plaintiff alleges that Defendants, its insurers, failed to make adequate payment for the damages under the terms of the policy and seek damages and statutory penalties. *Id.* at 5–8. Lloyd's removed the action to this Court on the basis that this action is subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the

"Convention") because some of the insurers party to Plaintiff's policy are foreign entities. R. Doc. 1. In answer, Defendants generally denied Plaintiff's claims, and also asserted a counterclaim for declaratory judgment, asking the Court to hold that all matters in dispute between the parties are subject to the Convention and must be arbitrated. R. Doc. 2.

Immediately after this matter was removed, Defendants filed a motion to compel arbitration and stay proceedings in this Court. R. Doc. 6. The Court granted that motion, holding that the Convention required Plaintiff to arbitrate its claims against all the insurers, both foreign and domestic. R. Doc. 8. Subsequently, Plaintiff moved for reconsideration, asking the Court to lift the stay and allow Plaintiff to proceed in this Court against the domestic insurers only. R. Doc. 10. The Court granted that motion and lifted the stay against the domestic insurers. R. Doc. 15. Defendants filed a notice of appeal, R. Doc. 16, and the Court again ordered this matter be stayed pending the Fifth Circuit Court of Appeal's ruling, R. Doc. 23.

On September 3, 2026, the Fifth Circuit released its opinion in this matter, holding that arbitration must be compelled against the foreign insurers but cannot be compelled against the domestic insurers. R. Doc. 26-1. The Circuit vacated the Court's order lifting the stay relative to Plaintiff's claims against the domestic insurers and remanded this matter to the Court for consideration of whether those claims must remain stayed pending completion of the related arbitration proceedings against the foreign insurers, or whether Plaintiff may now proceed against the domestic insurers in this Court. *Id.* at 7–8.

After holding a conference with the parties, the Court ordered the issue be briefed and brought before it by motion. R. Doc. 25. Accordingly, Plaintiff now moves the Court to lift the stay of its claims against the domestic insurers, arguing that the facts of this case favor allowing this litigation to proceed concurrently with arbitration against the foreign insurers. R. Doc. 27.

## II. DISCUSSION

As recognized in its opinion remanding this action, the Fifth Circuit has previously addressed the issues raised by the parties in the instant motion in an unpublished opinion relative to another case presenting nearly identical facts. *See Transportation Consultants, Inc. v. Certain Underwriters at Lloyd's, London*, 190 F.4th 386, 390–91 (5th Cir. 2026). In *Crescent City Surgical Operating Co. v. Interstate Fire & Cas. Co.*, the Circuit considered whether the district court had correctly compelled arbitration of the plaintiff's claims against the foreign insurers, declined to compel arbitration as to the domestic insurers, and refused to stay the litigation against the domestic insurers pending resolution of the arbitration against the foreign insurers. No. 25-30044, 2026 WL 1091579, at *1 (5th Cir. Apr. 22, 2026). Applying the recent binding precedent in *Town of Vinton v. Indian Harbor Ins. Co.*, 161 F.4th 282, 287–88 (5th Cir. 2025), the *Crescent City* court affirmed the district court's order compelling arbitration against the foreign insurers alone but reversed the district court's order denying a stay of the litigation against the domestic insurers until that arbitration was complete. *Crescent City*, 2026 WL 1091579, at *5. The Circuit explained:

> Section 3 of the Federal Arbitration Act "compels [a] court to stay the proceeding" before it pending arbitration. *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) (discussing 9 U.S.C. § 3). Generally, however, that section "only applies to parties to an agreement containing an arbitration clause." *Rainier DSC 1, L.L.C. v. Rainier Cap. Mgmt., L.P.*, 828 F.3d 356, 360 (5th Cir. 2016). It has been extended to nonsignatories "only where: (1) the arbitrated and litigated disputes involve the same operative facts; (2) the claims asserted in the arbitration and litigation are 'inherently inseparable'; and (3) the litigation has a 'critical impact' on the arbitration." *Id.* (quoting *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 341 (5th Cir. 2004)). "[W]hile this court generally review[s] de novo a denial of a motion to stay a proceeding pending arbitration, we review whether to stay nonsignatories' litigation for an abuse of discretion." *Cure & Assocs., P.C. v. LPL Fin. L.L.C.*, 118 F.4th 663, 669 (5th Cir. 2024) (internal citation omitted). "To constitute an abuse of discretion, the district court's decision must be either premised on an application of the law that is erroneous, or on an assessment of the evidence that is clearly erroneous." *Id.*

*Crescent City*, 2026 WL 1091579, at *5. Applying the three factors articulated in *Rainier*, the

Circuit held that the district court had abused its discretion in declining to the requested stay. *Id.* The Circuit explained that the plaintiff's "claims, in arbitration and in court, ar[o]se from the 'same operative facts' under the Policy, which, though construed as a separate contract between Crescent City and each insurer, still [wa]s a unified insurance agreement with the aim of providing Crescent City a seamless level of coverage." *Id.* (quoting *Rainier*, 828 F.3d at 360). It held that this arrangement also made the claims against each insurer "inherently inseparable." *Id.* (quoting *id.*). Finally, the Circuit stated that it was "difficult to conceive how the litigation could not have a critical impact on the arbitration, given that both proceedings involve the same coverage questions and the same facts." *Id.* Therefore, it determined, "the district court should have stayed the litigation pending resolution of the arbitration" against the foreign insurers. *Id.*

In its opinion remanding the present action, the Fifth Circuit declined to follow *Crescent City* and hold that litigation against the domestic insurers in this case must also be stayed until the conclusion of arbitration proceedings against the foreign insurers. *Transportation Consultants*, 190 F.4th 38 at 391. As the Circuit stated, in *Crescent City* it addressed that issue after the district court had applied the three factors laid out in *Rainier* and *Waste Management*. *Id.* In contrast, in this case, "when the district court lifted the stay of litigation between Transportation Consultants and the domestic insurers, [Fifth Circuit] law in this area was far less developed—lacking *Town of Vinton* and *Crescent City*—and the parties had not briefed any stay factors." *Id.* Accordingly, the Fifth Circuit remanded the case to this Court for consideration of that narrow issue—whether, applying the *Rainier* factors, litigation against the domestic insurers must remain stayed. *Id.*

The Court must thus address whether, in this case "the arbitrated and litigated disputes involve the same operative facts; (2) the claims asserted in the arbitration and litigation are 'inherently inseparable'; and (3) the litigation has a 'critical impact' on the arbitration." *Rainier*,

828 F.3d at 360 (quoting *Waste Mgmt.*, 372 F.3d at 341).

As to the first factor, Plaintiff acknowledges that "the same hurricane, property, policy terms, adjustment history, and loss valuation will be material in both forums" which "strongly favors [Defendants] on the first *Rainier* consideration[.]" R. Doc. 31 at 2. The Court agrees. The disputes Plaintiffs must arbitrate against the foreign insurers are identical to the disputes they may litigate against the domestic insurers. Moreover, as to the second factor, Plaintiff's insurance policy, "though construed as a separate contract between [Plaintiff] and each insurer, still is a unified insurance agreement with the aim of providing [Plaintiff] a seamless level of coverage." *Crescent City*, 2026 WL 1091579, at *5. As recognized by the *Cresent City* court, this makes Plaintiff's claims against the foreign insurers and the domestic insurers "inherently inseparable." *Id.* (quoting *Rainier*, 828 F.3d at 360).[1]

Plaintiff's arguments in favor of lifting the stay go primarily to the third *Rainier* factor: whether its litigation against the domestic insurers, if not stayed, would have a critical impact on its arbitration against the foreign insurers. *See* R. Doc. 27 at 8–9. Plaintiff points out that, in this case, unlike in *Crescent City*, arbitration against the foreign insurers has not yet begun. *Id.* at 8. Additionally, in this case, the domestic insurers collectively subscribe to approximately 81% of the risk covered by the subject insurance policy, with foreign insurers subscribing to only the remaining approximately 19%. *Id.* at 9. Plaintiff fails to explain how these differences would render any determination by this Court in litigation against the domestic insurers any less critical to arbitration against the foreign insurers than that recognized by the *Crescent City* court. Plaintiff

[1] At oral argument, Plaintiff pressed that its claims for statutory bad faith penalties are not inseparable from its claims against the foreign insurers that will be arbitrated because the parties agree that the arbitration tribunal cannot award punitive damages. However, Plaintiff's claims for statutory bad faith penalties are inseparable from its principle claims against the domestic insurers, which are in turn inseparable from its claims against the foreign insurers. Moreover, permitting Plaintiff to proceed in litigation against the domestic insurers relative only to its bad faith claims, while its principle claims remain stayed, would be an inefficient use of judicial resources.

simply points out that any prospective impact is speculative since arbitration has not yet begun, that litigation against the domestic insurers would not determine the liability of the foreign insurers, and that concurrent proceedings would be most efficient. *Id.* at 8–10. But just as in *Crescent City*, here, it is "difficult to conceive how the litigation could not have a critical impact on the arbitration, given that both proceedings involve the same coverage questions and the same facts." *Crescent City*, 2026 WL 1091579, at *5. As in *Crescent City*, it would be an abuse of this Court's discretion to refuse to stay the litigation before it until after arbitration against the foreign insurers party to Plaintiff's policy has concluded.

## III. CONCLUSION

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that Plaintiff Transportation Consultants, Inc.'s Motion to Lift Stay, R. Doc. 27, is hereby **DENIED**.

New Orleans, Louisiana this 23rd day of November, 2026.

Eldon E. Fallon

United States District Judge